UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOUIS F. RZEPECKI,

                              Plaintiff,

v.                                                Civil Action No. _____

CREDIT PROTECTION ASSOCIATION, L.P., and
EQUIFAX INFORMATION SERVICES, LLC

                              Defendants,

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual damages, statutory damages, punitive damages, costs and attorneys fees based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C.§1681 et seq. ("Fair Credit Reporting Act" or "FCRA") and the New York Fair Credit Reporting Act (General Business Law Art. 25§§ 380 et seq.)("NYFCRA").

2. Defendant Credit Protection Association, L.P. (hereinafter Credit Protection), violated the FCRA by furnishing inaccurate information to a consumer reporting agency.

3. Defendant Credit Protection violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when furnishing information to consumer credit reporting agencies concerning the Plaintiff.

4. Defendant Credit Protection violated the FCRA by failing to conduct a thorough investigation and review all relevant information after receiving notice of the disputed information.

5. Defendant Equifax Information Services, LLC, (hereinafter Equifax) violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff. Said Defendant also violated the FCRA and NYFCRA by issuing credit reports to various third parties, which contained erroneous information regarding Plaintiff's credit history.

6. Defendant Equifax violated their obligation under the FCRA and NYFCRA to investigate properly all items that Plaintiff disputed in the Plaintiff's credit file maintained by them.

7. Defendant Equifax provided the Plaintiff's credit report, containing erroneous information, to third-parties who used such reports to make creditworthiness

determinations about him and, as a result, his credit score was adversely affected. Further, Plaintiff was denied loans he applied for based upon the erroneous information provided by Equifax to the lenders he had applied to.

8. Defendants Equifax and Credit Protection negligently and willfully violated various provisions of the FCRA and Plaintiff is entitled to an award of actual damages, punitive damages, and attorney's fees and costs.

9. The Plaintiff further alleges that as a direct and proximate result of Defendants Equifax and Credit Protection's actions, conduct and omissions, he suffered actual damages including, but not limited to, damage to his ability to obtain credit, pecuniary loss due his inability to obtain credit, damage to his reputation, emotional distress, aggravation, and frustration.

10. This action is also brought for actual and statutory damages in response to Defendant Credit Protection's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court is conferred upon Defendants under the FCRA by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's state claims asserted herein pursuant to 28 U.S.C. §1367(a).

13. Jurisdiction of this Court also arises under the FDCPA by 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

14. Venue is proper in this district under 15 U.S.C. §1681p and U.S.C. §1391(b).

## PARTIES

15. Plaintiff Louis F. Rzepecki is a natural person residing in the Town of Lydon, County of Cattaraugus and State of New York.

16. Plaintiff is a "consumer" as defined by §1681a(c).

17. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18. Defendant Credit Protection Services, L.P. (hereinafter Credit Protection) is a foreign limited partnership organized and existing under the laws of the state of Texas and is authorized to do business in the state of New York.

19. Defendant Credit Protection is a foreign limited partnership organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

20. Defendant Credit Protection is a furnisher of information to consumer reporting agencies under section 1681 of the FCRA, and is regularly engaged in furnishing such information.

21. Defendant Credit Protection regularly attempts to collect debts alleged to be due another.

22. Defendant Equifax Information Services, LLC, (hereinafter "Equifax") is a foreign limited liability company organized and existing under the laws of the State of Georgia and authorized to do business in the state of New York

23. Defendant Equifax is a "consumer reporting agency," as defined in section 1681(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA to third parties.

24. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

25. All references to "Defendant(s)" herein shall mean the Defendant(s) or an employee of the Defendant(s).

## FACTUAL ALLEGATIONS

26. That in 2009, Plaintiff was denied credit because a debt belonging to someone else erroneously appeared on Plaintiff's credit report. The subject debt was for services rendered by Time Warner Cable, Inc.

27. That in or about March, 2009, Plaintiff received a letter from M&T Bank in connection with his home loan application stating that there was a derogatory public record filed on his credit report. Due to the derogatory statement on his credit report, Plaintiff's $25,000 home loan application was denied. That M&T Bank based its decision to deny Plaintiff's home loan application on the erroneous credit information regarding Plaintiff provided to them by Equifax.

28. That in or about March, 2009, Plaintiff obtained a copy of his credit report from Equifax. Plaintiff found a collection notice filed by Defendant Credit Protection on behalf of Time Warner Cable, Inc.

29. That on or about March, 2009, Plaintiff contacted Defendant Credit Protection and explained that the collection notice filed on his credit report was not his account and that he never had an account with Time Warner Cable. Defendant Credit Protection repeatedly asked Plaintiff for his account number, which he did not have because it was not his account. Defendant Credit Protection then gave Plaintiff an address to send a letter for a dispute claim. Defendant Credit Protection told Plaintiff that he needed to provide proof that the account was not his.

30. That in or about March, 2009, Plaintiff contacted Defendant Equifax and disputed the collection file on his credit report. Defendant Equifax told Plaintiff it would take 30 days to receive an answer and/or rectify the report.

31. That in or about March, 2009, Plaintiff contacted Time Warner Cable, Inc. and spoke with representative "Sherrie." Plaintiff attempted to verify that the Time Warner Cable account referenced on his credit report was in fact not his. Plaintiff supplied Time Warner Cable with his social security number and Time Warner confirmed that there was no account connected with Plaintiff's social security number. Plaintiff requested that Time Warner Cable send him a letter confirming that he did not have an account with Time Warner. Representative "Sherrie" explained that she did not have the authority to issue such a letter and Plaintiff asked to speak with a supervisor. A supervisor was not available, so Plaintiff called back an hour later and spoke with supervisor "Elizabeth." Plaintiff again explained the situation and verified that he did not have an account with Time Warner, and that Time Warner did not even provide service where Plaintiff lived. Supervisor "Elizabeth" referred Plaintiff's request to Time Warner's "special" department, taking Plaintiff's social security number and address, and giving Plaintiff a reference number in return.

32. That in or about late March, 2009, Plaintiff received a letter from GE Money Bank regarding his Whitehall/GEMB account. In the letter GE Money Bank stated Plaintiff's line of credit was lowered from $7,000 to $2,200 because of the negative collection account filed on his credit report from Equifax in regards to the Time Warner bill. That GE Money Bank based its decision to lower Plaintiff's line of credit because of erroneous credit information regarding Plaintiff, provided to them by Defendant Equifax.

33. That in or about late March, 2009, Plaintiff received a letter from GE Money Bank regarding his Husqvarna/GEMB account. In the letter GE Money Bank stated Plaintiff's line of credit was lowered from $6,500 to $1,000 because of negative collection account filed on his credit report from Equifax in regards to the Time Warner bill. That GE Money Bank based its decision to lower Plaintiff's line of credit because of erroneous credit information regarding Plaintiff, provided to them by Defendant Equifax.

34. That in or about April, 2009, Plaintiff was notified by Equifax that he did was not successful in his dispute over the collection account filed on his credit report by Defendant Credit Protection. Defendant Equifax stated that Plaintiff owed the subject debt and that the collection file would stay on his credit report.

4

35. That in or about April, 2009, after learning Plaintiff had lost his dispute over the collection filed on his credit report, Plaintiff contacted Defendant Equifax and re-disputed the filed collection account.

36. That in or about April, 2009, Plaintiff contacted Time Warner Cable and asked to speak with a supervisor. Plaintiff spoke with supervisor "Debra" and again explained the situation. Supervisor "Debra" told Plaintiff that Time Warner sells their delinquent accounts and that they had furnished the disputed information on Plaintiff's credit report, to whoever purchased the delinquent account from Time Warner. Plaintiff informed "Debra" that the delinquent account was never his to begin with, which "Debra" verified and then acknowledged that Time Warner does not even provide service where Plaintiff lives. "Debra" then told Plaintiff that she would look into what could be done for Plaintiff and would call back.

37. That in or about April, 2009, Plaintiff received a call from supervisor "Debra" at Time Warner Cable. "Debra" explained that since Plaintiff was never a customer of Time Warner Cable there wasn't much that could be done. Plaintiff demanded a letter stating that the disputed collection account was not his and that he never had an account with Time Warner Cable. Supervisor "Debra" agreed and stated she would personally send Plaintiff the letter.

38. That in or about late April, 2009, Plaintiff received a letter from supervisor Debra Spragge at Time Warner Cable, acknowledging that Plaintiff did not owe the disputed collection account and requested that the appropriate party remove Plaintiff as the debtor on the disputed account.

39. That in or about late April, 2009, Plaintiff sent a copy of the letter from Time Warner Cable to Defendant Credit Protection's claim resolution department, and requested that the collection filed on his credit report be removed.

40. That in or about May, 2009, Defendant Equifax contacted Plaintiff and stated that Plaintiff had now won the dispute and that the collection account filed on his credit report would be removed.

41. That Defendant Equifax did not timely remove the collection account filed and it continued to negatively impact his credit rating.

42. That in or about June, 2009, Plaintiff received a letter from Macy's stating that his Macy's Visa line of credit was lowered from $12,500 to $12,400 due to a derogatory public record or collection filed on Plaintiff's credit report obtained from Defendant Equifax. That Macy's based its decision to lower Plaintiff's line of credit because of erroneous credit information regarding Plaintiff provided to them by Defendant Equifax.

## FIRST CAUSE OF ACTION
### (Negligent violation of 15 U.S.C § 1681s(2))

43. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

44. Defendant Credit Protection provided information to Defendant Equifax that Plaintiff owed an unpaid debt to Time Warner Cable, Inc., from services rendered at 3681 3rd St. Blasdell, NY. That Plaintiff never previously had any accounts with Time Warner Cable, and that at the time the services were rendered Plaintiff resided in Franklinville, NY, an area that Time Warner Cable does not even offer its services. That the subject debt to Time Warner Cable, Inc. was for someone else with a completely different social security number from Plaintiff. That by comparing such information Defendant Credit Protection had reasonable knowledge that the information it provided to Defendant Equifax was inaccurate. That Defendant Credit Protection negligently provided Defendant Equifax with inaccurate information which is prohibited under 15 U.S.C § 1681s(2)(a)(1)(A).

45. As a result of the furnishing of inaccurate information to Defendant Equifax, Defendant Credit Protection adversely affected Plaintiff's ability to obtain credit.

46. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

47. Credit Protection is liable to Plaintiff for the actual damages he sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681o.

## SECOND CAUSE OF ACTION
### (Negligent violation of 15 U.S.C § 1681s(2))

48. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

49. That after receiving notice of Plaintiff's dispute of the inaccurate furnished information to Equifax, Defendant Credit Protection negligently failed to conduct an investigation of the disputed information; review all the relevant information provided by the consumer with notice; report the results of the investigation to the consumer reporting agency; and modify, delete, or permanently block the reporting of that item of information that is inaccurate. Defendant Credit Protection negligently failed to follow such required procedures and violated 15 U.S.C § 1681s(2)(b)(1). If Defendant Credit Protection had properly followed said requirements they would have discovered that the Plaintiff never lived at the address the services were rendered to and that Plaintiff's social security number was different than the social security number attached to the delinquent account.

50. As a result of the failing to follow proper investigation requirements of disputed information, Defendant Credit Protection negatively impacted Plaintiff's credit rating and adversely affected Plaintiff's ability to obtain credit.

51. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

52. Defendant Credit Protection is liable to Plaintiff for the actual damages he sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681o.

### THIRD CAUSE OF ACTION
### (Negligent violation of NYFCRA §380-j(e))

53. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

54. Defendant Credit Protection prepared, compiled, issued, assembled, transferred, published and otherwise reproduced a consumer report regarding the Plaintiff, as that term is defined in New York General Business Law§380-a(c).

55. Such reports contained numerous entries which were inaccurate, erroneous and false. Credit Protection knew, or should have known that the reports contained erroneous information.

56. Credit Protection negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of New York General Business Law§380-j(e).

57. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

58. Credit Protection is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to New York General Business Law §380-m.

### FOURTH CAUSE OF ACTION
### (Negligent violation of FCRA §1681e(b))

59. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

60. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C.§1681a(d)

61. Such reports contained entries which were inaccurate, erroneous and false. Defendant Equifax knew, or should have known that the reports contained erroneous information.

62. Defendant Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C.§1681e(b)

63. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

64. Defendant Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681o.

## FIFTH CAUSE OF ACTION
### (Negligent violation of NYCRA§380-j(e))

65. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

66. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in New York General Business Law§380-a(c).

67. Such reports contained entries which were inaccurate, erroneous and false. Defendant Equifax knew, or should have known that the reports contained erroneous information.

68. Defendant Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of New York General Business Law§380-j(e).

69. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

70. Defendant Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to New York General Business Law §380-m.

## SIXTH CAUSE OF ACTION
### (Negligent violation of NYFCRA§380-f(b))

71. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

72. That in or about May, 2009, Defendant Equifax acknowledged that Plaintiff won a reinvestigation of the disputed material contained in Plaintiff's credit report, and deemed that the information was inaccurate. Defendant Equifax negligently failed to promptly expunge the file, correct the information, and refrain from reporting the item in subsequent consumer reports in violation of New York General Business Law§380-f(b).

73. That in or about June, 2009, Plaintiff received a letter from Macy's regarding his Visa account saying that his line of credit was lowered from $12,500 to $12,400, citing derogatory or collection filed information contained from a credit report obtained from Defendant Equifax.

74. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

75. Defendant Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to New York General Business Law §380-m.

## SEVENTH CAUSE OF ACTION
### (Willful violation of 15 U.S.C § 1681s(2))

76. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

77. As previously alleged herein, Defendant Credit Protection provided information to Defendant Equifax that Plaintiff owed an unpaid debt to Time Warner Cable, Inc., from services rendered at 3681 3rd St. Blasdell, NY. That Plaintiff never previously had any accounts with Time Warner Cable, and that at the time the services were rendered Plaintiff resided in Franklinville, NY, an area that Time Warner Cable does not even offer its services. That the subject debt to Time Warner Cable, Inc. was for someone else with a completely different social security number from Plaintiff. That by comparing such information Defendant Credit Protection had reasonable knowledge that the information it provided to Defendant Equifax was inaccurate. That Defendant Credit Protection willfully provided Defendant Equifax with inaccurate information which is prohibited under 15 U.S.C § 1681s(2)(a)(1)(A).

78. As a result of the furnishing of inaccurate information to Defendant Equifax, Defendant Credit Protection adversely affected Plaintiff's ability to obtain credit.

79. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

80. Defendant Credit Protection is liable to Plaintiff for the actual damages he sustained by reason of such conduct in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681n.

## EIGHTH CAUSE OF ACTION
### (Willful violation of 15 U.S.C § 1681s(2))

81. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

82. As is previously alleged, after receiving notice of Plaintiff's dispute of the inaccurate furnished information to Equifax, Defendant Credit Protection willfully failed to conduct an investigation of the disputed information; review all the relevant information provided by the consumer with notice; report the results of the investigation to the consumer reporting agency; and modify, delete, or permanently block the reporting of that item of information that is inaccurate. Defendant Credit Protection willfully failed to follow such required procedures and violated 15 U.S.C § 1681s(2)(b)(1). If Defendant Credit Protection had properly followed said requirements they would have discovered that the Plaintiff never lived at the address the services were rendered to and that Plaintiff's social security number was different than the social security number attached to the delinquent account.

83. As a result of the failing to follow proper investigation requirements of disputed information, Defendant Credit Protection negatively impacted Plaintiff's credit rating and adversely affected Plaintiff's ability to obtain credit.

84. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

85. Defendant Credit Protection is liable to Plaintiff for the actual damages he sustained by reason of such conduct in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681n.

## NINETH CAUSE OF ACTION
### (Willful violation of NYFCRA §380-j(e))

86. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

87. As is previously alleged, Defendant Credit Protection prepared, compiled, issued, assembled, transferred, published and otherwise reproduced a consumer report regarding the Plaintiff, as that term is defined in New York General Business Law§380-a(c).

88. As is previously alleged, such reports contained numerous entries which were inaccurate, erroneous and false. Credit Protection knew, or should have known, that the reports contained erroneous information.

89. Credit Protection willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of New York General Business Law§380-j(e).

90. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

91. Credit Protection is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681n.

### TENTH CAUSE OF ACTION
### (Willful violation of FCRA §1681e(b))

92. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

93. As is previously alleged, Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C.§1681a(d)

94. As is previously alleged, such reports contained entries which were inaccurate, erroneous and false. Defendant Equifax knew, or should have known that the reports contained erroneous information.

95. Defendant Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C.§1681e(b)

96. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

97. Defendant Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681n.

### ELEVENTH CAUSE OF ACTION
### (Willful violation of NYCRA§380-j(e))

98. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

99. As is previously alleged, Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in New York General Business Law§380-a(c).

100. As is previously alleged, such reports contained entries which were inaccurate, erroneous and false. Defendant Equifax knew, or should have known that the reports contained erroneous information.

101. Defendant Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of New York General Business Law§380-j(e).

102. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

103. Defendant Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681n.

### TWELTH CAUSE OF ACTION
### (Willful violation of NYFCRA§380-f(b))

104. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

105. As is previously alleged, in or about May, 2009, Defendant Equifax acknowledged that Plaintiff won a reinvestigation of the disputed material contained in Plaintiff's credit report, and deemed that the information was inaccurate. Defendant Equifax willfully failed to promptly expunge the file, correct the information, and refrain from reporting

the item in subsequent consumer reports in violation of New York General Business Law§380-f(b).

106. As is previously alleged, in or about June, 2009, Plaintiff received a letter from Macy's regarding his Visa account saying that his line of credit was lowered from $12,500 to $12,400, citing derogatory or collection filed information contained from a credit report obtained from Defendant Equifax.

107. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

108. Defendant Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681n.

## THIRTEENTH CAUSE OF ACTION
### (FCDPA Violation)

109. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

110. The conduct of Defendant, Credit Protection, as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

　　A. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(8) by communicating false credit information to Defendant Equifax. Said communication was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

111. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

112. Defendant Credit Protection is liable to Plaintiff for actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and the costs, disbursements and reasonable attorney's fees of this action pursuant to 15 U.S.C. § 1692k.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 22, 2010

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         kirving@kennethhiller.com
